{¶ 30} I must respectfully dissent in this matter for there simply is no record presented upon which I can find that the trial court's order was an abuse of discretion. There is a presumption that trial courts follow the law, and absent a showing that they have abandoned that approach I am unwilling to reverse an order.
 {¶ 31} The majority correctly found that the father in this matter was a stockbroker who was paid exclusively on a commission basis. From this commission-based income, the magistrate and the trial court apparently permitted a deduction for the amount of legitimate expenses he incurred in generating the income. This approach is consistent with the reality that child support should in fact be based upon the actual funds available for child support.
 {¶ 32} By way of analogy, I would demonstrate the difficulty with the majority's "strict compliance" analysis, particularly in a matter without a transcript. What if the father was a truck driver and was hired as an owner-operator, and was, therefore, required to report to work behind the wheel of his own truck? Let's say for the sake of argument that the "employer" for purposes of workers' compensation and taxation chose to use a legal fiction and label the truck driver and his rig as an "employee." Let's say the "employer" then chose to pay this "employee" W-2 wages of forty cents a mile. At the end of the year, if the driver had traveled 200,000 miles, and been paid $80,000, could we truly call that his "income" for the purposes of child support? I think not. Why, therefore, is a stockbroker any different? If he spends $20,000 to solicit clients, that money is no more missing from his wallet than the $20,000 a truck driver spends on fuel. To hold otherwise would be to elevate form over substance.
 {¶ 33} The trial court heard the evidence and made a ruling. It should not be disturbed absent a showing that it is arbitrary or unreasonable. No such showing has been made in this matter.